61557. STONE v. HARRY NORMAN & ASSOCIATES.

BIRDSONG, Judge.

Real Estate Commission—Summary Judgment. The appellant R. N. Stone and his wife engaged the services of the appellee Harry Norman Realtors to assist the Stones in purchasing a home. After looking at a certain house several times, Ms. Stone became enamoured of the house and a decision was made to make an offer. After numerous offers and counter-offers between the seller and the Stones, a "final" contract was submitted. After both the seller and purchaser had agreed, a final inspection was scheduled. But before the inspection, Ms. Stone became apprehensive and prevailed upon her husband to cancel the contract. As a result the final inspection was never conducted. The contract provided that the realtor was a party to the contract and could enforce its right to a commission in its own right if the contract failed through the fault of either the seller or the purchaser. After the Stones cancelled the contract, the realtor, Norman, brought suit to enforce its right to the $9,100 commission. Norman Realtors moved the trial court for summary judgment which was granted. Stone brings this appeal enumerating numerous errors in the grant of summary judgment to Norman. *Held:*

In substance Stone argues that no proper motion for summary judgment was filed in the court below; that the appellee Norman is

not the real party in interest because Harry Norman Assoc. is not the agent involved nor a registered broker or agent with the state of Georgia (notwithstanding that the pleadings show that Harry Norman, Associates is a trade name of Harry Norman Realtors which is a properly registered agent and broker); that no contract was created because there was never a meeting of the minds; that the property to be sold and purchased was never accurately or legally described; and that Norman's belated attempt to furnish and attach to the contract a correct description of the property after the contract had been cancelled by the Stones amounted to fraud intentionally perpetrated.

In this case the appellant Stone has culled from all the facts which make up this litigation numerous peripheral disputes, arguing each fact as if it stood alone. The fact remains however that a motion for summary judgment was made, ruled on, and an appeal has been taken from the grant. The facts indisputably show that Harry Norman acted as the go-between for both the seller and the purchaser in the sale of one and only one home. That after much negotiation a final offer was made and accepted by the two parties. The purchaser then got "cold feet" and backed out of the purchase. The contract authorized the broker to collect its commission if such an event occurred. And notwithstanding the argument to the contrary, there can be no real dispute that appellee is the real party at interest and is qualified to do business in this state as a broker.

We have fully considered the issues presented by the record and the briefs, arguments and authorities of the parties. It would contribute nothing of significance to the body of law in this state or to the ultimate decision in this case to treat more expansively the allegations or simply to repeat the holding of the authorities already existing that indicate an affirmance of the grant of summary judgment to the appellee Norman was proper.

*Judgment affirmed. Sognier, J., concurs. Shulman, P. J., concurs in the judgment only.*

DECIDED MAY 15, 1981 —
REHEARING DENIED JUNE 4, 1981

*James G. Jackson, William Lewis Spearman,* for appellant.
*Thomas W. Tobin, Benjamin Abney, Charles B. Zirkle, Jr.,* for appellee.